The defendant was convicted of the second degree murder of Joe Calloway. Alabama Code 1975, Section 13-1-70. Sentence was life imprisonment.
 I
The defendant argues that he did not knowingly and intelligently waive his constitutional rights under Miranda v.Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), because he was not mentally competent to make such a decision. The factual basis for this argument is the January 15, 1980, finding of the Bryce State Hospital Forensic Unit Staff that the defendant was incompetent to stand trial.
Although at trial defense counsel did make the general objection that there was no knowing and intelligent waiver ofMiranda rights, he did not contend that the defendant was incompetent and did not offer evidence of the incompetency finding to support his objection. *Page 301 
At the hearing to determine the voluntariness of the confessions and before the jury, the State proved that the waiver was knowingly and intelligently made and that the confessions were voluntarily given. The defendant did not contradict this evidence. Testifying in his own behalf, the defendant admitted that he "told the policemen the truth." In summary, during the trial there was nothing to contradict the finding of voluntariness made by the trial judge. The fact that the defendant was 71 years of age when he made the statements is not any indication of incompetency.
The finding of incompetency to stand trial loses all significance on the issue of the voluntariness of the confessions when it is noted that the finding was made in January of 1980, while the statements were made in November of 1978.
"The fact, without more, that accused was to some extent mentally incapacitated when he confessed, does not render his confession inadmissible." C. Gamble, McElroy's AlabamaEvidence, Section 200.14 (1) (3rd ed. 1977). Mental "subnormality" does not in and of itself render a confession involuntary. Parker v. State, 351 So.2d 927 (Ala.Cr.App.), cert. quashed, 351 So.2d 938 (Ala. 1977); Arnold v. State,348 So.2d 1092 (Ala.Cr.App.), cert. denied, 348 So.2d 1097 (Ala. 1977). The mere fact that the defendant was simpleminded or "functionally illiterate" will not vitiate the voluntariness of his confession. Jackson v. State, 375 So.2d 1271 (Ala.Cr.App.), cert. denied, 375 So.2d 1274 (Ala. 1979). Except in the most extreme cases, the mental abnormality of the accused is just one factor which must be considered in determining from the totality of the circumstances the voluntariness and admissibility of a confession. Hines v. State, 384 So.2d 1171
(Ala.Cr.App.), cert. denied, 384 So.2d 1184 (Ala. 1980).
 II
Even if the defendant's confessions were inadmissible when offered because of the failure of proof of the corpus delicti, the error was cured by the subsequent proof of the corpus delicti. Tice v. State, 386 So.2d 1180 (Ala.Cr.App.), cert. denied, 386 So.2d 1187 (Ala. 1980).
 III
The defendant was not entitled to a presentence report as authorized by Alabama Code 1975, Section 13A-5-5 (Amended 1977). Since the homicide occurred in 1978, he was tried and convicted under Alabama Code 1975, Section 13-1-70. For that offense, he was sentenced by the jury and not the trial judge. Section 13A-5-5, giving the defendant a right to a presentence report, does "not apply to or govern the construction of and punishment for any offense committed prior to 12:01 A.M., January 1, 1980." Section 13A-1-7 (c).
 IV
The fact that the written statements signed by the defendant are not exactly, word for word, what he told the investigators is without legal significance. A confession is not rendered inadmissible because it is not verbatim as related by the accused and is admissible if it is transcribed substantially as related and affirmed by the accused. King v. State,355 So.2d 1148 (Ala.Cr.App. 1978).
 V
The defendant raises but does not argue two additional arguments on appeal. We have carefully examined both issues and found them to be without merit. See also Rule 45 (B) A.R.A.P. (effective January 2, 1982).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 302