512 So.2d 799 (1987)
STATE
v.
Arthur L. GASTON.
3 Div. 444.
Court of Criminal Appeals of Alabama.
March 10, 1987.
On Return to Remand July 28, 1987.
*800 C. Michael McInnish and Thomas M. Goggans of Goggans, McInnish, Bryant & Chambless, Montgomery, for appellee.
Charles A. Graddick, Atty. Gen., and J. Elizabeth Kellum, Asst. Atty. Gen., for appellant.
PATTERSON, Judge.
This is an appeal by the State from a pre-trial order of the Circuit Court of Montgomery County suppressing a confession or admission, pursuant to Rule 17, Temp.A. R.Crim.P.
Appellant, Arthur L. Gaston, was indicted on March 11, 1985, for murder in violation of § 13A-6-2(a)(1), Code of Alabama 1975. In the early morning hours of January 17, 1985, appellant was picked up by the Montgomery city police and transported to the police station for questioning in relation to the death of Michael Wayne Darden. The record before us reflects that after arriving at the police station he was advised of his rights, as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), acknowledged that he understood those rights, signed a waiver of rights form, and agreed to make a statement. He made a statement in which he admitted shooting Darden, and related some details concerning the incident. The statement, as well as an explanation of his Miranda rights and waiver thereof, were videotaped.
Pre-trial motions to suppress the statement were filed by appellant in which he asserts that the statement was obtained without his giving an "effective waiver" of his Miranda rights, and that he was so incompetent at the time of making the statement that he could not give a voluntary, knowing, and intelligent waiver of his constitutional rights.
A hearing was held by the trial court on the motions to suppress on February 20, 1986. At the hearing, the State presented the testimony of the police officers involved in the taking of the statement, and the testimony of a psychologist, Mr. Allen Stewart of the Montgomery Area Mental *801 Health Authority. Stewart testified concerning the mental competency of appellant. The videotaped statement was offered in evidence, as well as voluminous medical records concerning appellant, going back for many years. The medical records reflect that appellant has a long history of mental problems, has been confined in state mental institutions a number of times, and has been committed to mental institutions by the probate court of Montgomery County on at least two occasions. The records also reflect that appellant was under treatment for his mental problems and was taking prescribed drugs for those problems at the time of the shooting and the making of the statement. After the suppression hearing, the trial court entered an order suppressing the statement. The State appeals, claiming that it met its burden of proving the required elements of voluntariness and a Miranda predicate necessary for the statement to be admitted into evidence.
In reviewing this case, we note at the outset that the trial judge did not make formal findings of fact or give any reasons for suppressing the statement. We have considered the evidence presented, as shown by the record, and have observed the videotaped statement. The record does not appear to us to disclose any police misconduct or coercive police activity in obtaining appellant's statement. The testimony of Mr. Stewart as to appellant's competency and his ability to understand the Miranda warnings and make a voluntary, knowing, and intelligent waiver of them is equivocal. Faced with this record and not knowing the basis of the trial court's decision, we find appellate review difficult.
We are fully in agreement with the rule that the findings of the trial court on a motion to suppress are binding on this court unless they are clearly erroneous. Simmons v. State, 428 So.2d 218 (Ala.Cr. App.1983). However, it is difficult on this record to review the correctness of the trial court's decision, for the reasons stated. We, therefore, remand this cause to the trial court and request written findings of fact setting forth the facts relied upon to support the order of suppression, and make due return thereof to this court.
REMANDED WITH INSTRUCTIONS.
All Judges concur.

ON RETURN TO REMAND
PATTERSON, Judge.
In remanding this cause, we requested the circuit court to submit written findings of fact upon which it relied to suppress Gaston's confession. Its order reflects, in part, the following:
"Allen Stewart of the Montgomery Area Mental Health Authority testified as to his opinion as to the competency of the defendant at the time of the giving of the written statement in question. Medical records of the long history of mental problems and confinements in state mental institutions were introduced. Records were also introduced reflecting prescribed drugs and treatment of mental problems at the time of the making of the statement. The Court also observed a video tape of the statement. This Court found that the overwhelming evidence showed that the defendant was incompetent to understand the nature of the offense with which he was charged, the Miranda warnings which weregiven, and, therefore, was not competent to make a voluntary and knowing waiver of his rights."
We do not consider these findings to be clearly erroneous, Simmons v. State, 428 So.2d 218 (Ala.Cr.App.1983), and, accordingly, we affirm the trial court's ruling.
In affirming this pre-trial ruling, we deny the attorney general's motion to dismiss this appeal and remand this cause to the circuit court. In support of his motion, which he claims is pursuant to A.R.A.P. 42, the attorney general asserts the following:
"As grounds for dismissal Appellant submits the attached order of the Circuit Court of Montgomery County [ORDER ON REMAND] and states that the case is ready to proceed forthwith. This dismissal has been requested by the District Attorney for Montgomery County. The *802 case is otherwise ready to proceed in the trial court."
A.R.A.P. 42 provides, in pertinent part, "An appeal or other proceeding may be dismissed on motion of the appellant or moving party upon such terms as fixed by the court."
In relying upon A.R.A.P. 42 as authority to seek a dismissal, the attorney general fails to address the impact of A.R.Crim.P. Temp. 17(a) and (h). Subsection (a) requires that an appeal by the state from a pre-trial ruling be taken "only if the district attorney certifies to the court of criminal appeals that the appeal is not brought for the purpose of delay and that the order, if not reversed on appeal, will be fatal to the prosecution of the charge." In the instant case, the district attorney submitted the following in his notice of appeal to this court:
"I hereby certify that this appeal is not taken for the purpose of delay and that the pre-trial order appealed from, if not reversed on appeal, will be fatal to the prosecution of the charge as to which this appeal is taken; without the defendant's confession, presently suppressed by the above-mentioned order, the State will be unable to present a prima facie case against the defendant."
If we granted the attorney general's request, under the circumstances before us, we would be blatantly ignoring the purpose and intended application of subsection (a). After securing the right to appeal by certifying to this court that it would be unable to present a prima facie case without Gaston's confession, the state cannot now expect us to consider a motion to dismiss its appeal for further proceedings in the trial court.
The only legally cognizable reason for further proceedings after the taking of an appeal by the state is found in subsection (h), which provides, as follows:
"If the trial court's ruling is upheld following a pre-trial appeal taken pursuant to this rule, then that affirmance shall operate as a bar to any further prosecution of the defendant or defendants as to whom the appeal was taken for any crime involved in the charge or charges as to which the appeal was taken, unless the trial court shall find that the subsequent prosecution is primarily based upon significant new evidence not reasonably available to the state when the pre-trial appeal was taken."
See also A.R.Crim.P.Temp. 17(d), which provides, "The filing of a notice of appeal in the circuit court pursuant to this rule shall stay the proceedings in the circuit court...." Thus, further proceedings are permissible only if the prosecution requests to submit to the trial court "significant new evidence not reasonably available to the state when the pre-trial appeal was taken." However, obviously, the exception arises after this court's affirmance and, moreover, the attorney general has submitted no evidence or reason why the exception would be applicable if we dismissed this appeal and remanded the cause to the trial court.
Accordingly, the trial court's ruling is upheld and, by virtue of A.R.Crim.P.Temp. 17(h), any further prosecution is barred unless the trial court subsequently finds the cited exception to be applicable.
MOTION TO DISMISS DENIED; AFFIRMED.
All Judges concur.