The appellant, Maserie Harkey, was convicted of burglary in the first degree, a violation of § 13A-7-5, Code of Alabama 1975. She was sentenced to 30 years' imprisonment.
The evidence presented by the state tended to show that Maserie Harkey, without permission, entered her ex-husband's home carrying a jar of acid. After she was seen by her step-son, Kevin, she entered a bathroom. Her step-son informed Mr. Harkey that someone was in the house. Mr. Harkey grabbed his gun and fired at the intruder. Kevin then attacked the appellant. The police arrived and took Maserie to the Huntsville Police Department. She was read her rights by Officer Williams, after which she proceeded to make an incriminating statement.
 I
Appellant contends that the court erred in receiving her statement into evidence because it resulted from a custodial interrogation. Specifically, her counsel argues that she had suffered from mental illness at one time. For that reason, it is urged, she was incapable of giving a "voluntary" statement. It has long been held that in order to be admissible at trial, a statement must be voluntary. See Houston v. State,56 Ala. App. 295, 321 So.2d 261 (1975).
In the present case, at the trial, the appellant presented no expert testimony tending to show her insanity. The only evidence tending to show her mental problems was presented by members of her family. They testified that she was once sent to a mental institution, from which she was later released. The defendant bears the burden of proving, to the satisfaction of the jury, that she is not guilty by reason of insanity. See,Breen v. State, 53 Ala. App. 588, 302 So.2d 562 (1974).
The only question presented concerning her statement to the police is whether or not it was a product of or a result of insanity.
The appellant cites the United States Supreme Court case ofBlackburn v. Alabama, 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242
(1960). In Blackburn, the court dealt with the admissibility of a confession made while the person was "clearly insane." In that case, the Supreme Court held that "where the involuntariness of a confession is conclusively demonstrated at any stage of a trial, the defendant is deprived of due process by entry of judgment of conviction without exclusion of the confession."
Blackburn is distinguishable from the present case in that Blackburn was indisputably shown to be insane at the time of giving the statement. Further, Blackburn's statement was made after nine hours' interrogation; such a situation is suggestive of coercion. In this case, there is no contention that the statement was coerced in any manner. The question as to insanity of the appellant was for the jury.
The recent case of Colorado v. Connelly, 479 U.S. 157,107 S.Ct. 515, 93 L.Ed.2d 473 (1986), modified Blackburn. InConnelly, the defendant approached an officer and confessed to a murder. The issue turned on whether the confession was voluntary *Page 633 
or whether the defendant was insane at the time he made the statement.
In Connelly, the defendant relied on Blackburn for the proposition that his deficient mental condition was sufficient to render his statement involuntary. The Supreme Court disagreed, stating that the defendant had ignored the essential element that rendered the statement in Blackburn inadmissible. The Court further stated that "while mental condition is surely relevant to an individual's susceptibility to police coercion, mere examination of the confessant's state of mind can never conclude the due process inquiry." Connelly, supra.
"Our 'involuntary confession jurisprudence is entirely consistent with the settled law requiring some sort of state action' to support a claim of violation of the Due Process Clause of the 14th Amendment." Id. 479 U.S. at 165,107 S.Ct. at 521.
The present case is clearly consistent withConnelly. The appellant does not represent that the statement was coerced, nor is there any evidence to establish coercion. Therefore, according to Connelly, the mental state of the defendant is not enough to hold the statement inadmissible.
The Alabama courts have recognized that subnormal tendencies of the accused are but one factor to review in the totality of the circumstances surrounding the confession. See McCord v.State, 507 So.2d 1030 (Ala.Cr.App. 1987); Sasser v. State,497 So.2d 1131 (Ala.Cr.App. 1986); Corbin v. State, 412 So.2d 299
(Ala.Cr.App. 1982). For a more in-depth discussion of this point, see, 23 A.L.R. 4th 493; 8 A.L.R. 4th 16.
Judge Bowen, speaking for this court in Corbin, supra,412 So.2d at 301, stated:
 "Mental 'subnormality' does not in and of itself render a confession involuntary. Parker v. State, 351 So.2d 927 (Ala.Cr.App.), cert. quashed, 351 So.2d 938 (Ala. 1977); Arnold v. State, 348 So.2d 1092 (Ala.Cr.App.), cert. denied, 348 So.2d 1097
(Ala. 1977). The mere fact that the defendant was simpleminded or 'functionally illiterate' will not vitiate the voluntariness of his confession."
We note that in the recent case of State v. Gaston,512 So.2d 799 (Ala.Cr.App. 1987), this court held that a confession was inadmissible when made by an "insane" defendant. However,Gaston is distinguishable from the present case in that inGaston there was overwhelming proof that the individual was insane at the time of the confession. Police officers and experts testified concerning his mental competency. Voluminous records were offered into evidence concerning his history of mental illness. Gaston was also under treatment for his mental illness at the time of the confession. All of these facts are in sharp contrast to the instant case. Here, no experts testified as to the competency of the appellant. The only testimony as to the competency was from relatives whose bias was understandable, given the circumstances. This case, therefore, bears no comparison to Gaston.
Accordingly, the trial court committed no error in receiving the confession into evidence.
 II
The appellant further contends that the trial court erred in permitting Officer Reynolds to state his opinion as to the appellant's sanity, because, she says, no proper predicate was established. Specifically, she states that the witness was not sufficiently acquainted with the appellant to render an opinion as to appellant's sanity.
Officer Reynolds, who interviewed the defendant directly after the incident, testified that he observed her on several occasions. He interviewed her about the incident for about 15 minutes. He was asked if he had an opinion as to her sanity and he stated that "[i]n my — I never knew Ms. Harkey before this incident and I've not had any contact since. At that particular time, she did nothing abnormal to make me believe that she was insane. No."
An objection was made by appellant's counsel, but the judge allowed Officer Reynolds to answer the question. *Page 634 
This court in Breen, supra, allowed an officer who had talked with the defendant within 30 minutes after the murder to state that the defendant "was calm, appeared to be normal, and talked rationally." Id. at 595, 302 So.2d 562. In Williams v. State,291 Ala. 213, 279 So.2d 478 (1973), our Supreme Court stated that a lay opinion of whether an individual talked rationally at the time of arrest "was admissible without need for a predicate." Id., 291 Ala. at 214, 279 So.2d at 479. See also, C. Gamble, McElroy's Alabama Evidence § 128.01 (3d ed. 1977). This case is remarkably similar to Breen. No predicate was necessary.
Further, as stated in Haghart v. Cooley, 278 Ala. 354, 358,178 So.2d 226 (1965), "the question of competency or qualification, vel non, of a witness to give an opinion on the subject (of soundness or unsoundness of mind) is one for the trial court, [the] decision of which will not be revised on appeal unless clearly erroneous." The trial judge committed no error in this case.
 III
Last, appellant contends that the jury's verdict rejecting the appellant's insanity plea was against the great weight of the evidence.
As appellant correctly states, the burden of producing evidence sufficient to satisfy the jury as to the defense of insanity is on the defendant. See, § 15-16-2, Code of Alabama 1975.
Appellant argues, however, that the verdict is due to be reversed because, she argues, the proof of insanity was so strong that it could not be disregarded. Specifically, she argues that because she was once committed to a hospital for the insane that she was, and still is, insane.
A reading of the statute under which she was previously committed reveals that no adjudication of insanity is made in such a proceeding. Section 22-52-10, Code of Alabama 1975, states:
 "(a) If at the final hearing upon a petition seeking to commit a person to the custody of the state department of mental health or such other public facility as the court may order, the probate judge, on the basis of clear, unequivocal and convincing evidence, shall find:
 "(1) That the person sought to be committed is mentally ill; and
 "(2) That as a consequence of the mental illness the person poses a real and present threat of substantial harm to himself or to others; and
 "(3) That the threat of substantial harm has been evidenced by a recent overt act; and
 "(4) That treatment is available for the person's mental illness or that confinement is necessary to prevent the person from causing substantial harm to himself or to others; and
 "(5) That commitment is the least restrictive alternative necessary and available for treatment of the person's mental illness;
 then upon such findings, the probate judge shall enter an order setting forth his findings, granting the petition and ordering the person committed to the custody of the Alabama state department of mental health or to such other public facility as the court may order."
Probate Judge Riddick testified that the appellant had previously been committed to, and then later released from, a mental institution. Once a person is released, in order to be recommitted, the individual would have to go through the whole process again. See Birl v. Wallis, 633 F. Supp. 707 (M.D.Ala. 1986). Appellant relies on the mere fact that she was once committed to a mental institution, totally disregarding the fact that upon her release she was, presumably, once again competent. Further, counsel failed to present any expert evidence at trial as to proof of her current "insanity."
Here, the question of insanity was presented to the jury, and, as Judge Bowen indicated in Young v. State, 428 So.2d 155,161 (Ala.Cr.App. 1982), quoting the "general rule" from 23A C.J.S. Criminal Law § 1130 (1961), " 'only slight evidence of insanity at the time of the commission of the crime is required to raise the issue for submission to the jury; and if reasonable *Page 635 
minds can reach different conclusions from the evidence, the question is for the jury.' "
Based on these facts, the jury was free to accept or reject the insanity defense. Therefore, the verdict of the jury should not be disturbed.
Appellant's conviction is therefore due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.