PER CURIAM.
This is an appeal by the state challenging the trial court’s decision to grant the appel-lee’s motion to suppress. However, this appeal must be dismissed because the appeal is not properly before this court. Rule 17(a), A.R.Crim.P.Temp., states:
“(a) Generally. An appeal may be taken by the state in a felony case to the court of criminal appeals from a pre-trial order of the circuit court (1) suppressing a confession or admission of other evidence, (2) dismissing an indictment, information, or complaint (or any part of an indictment, information, or complaint), or (3) quashing an arrest or search warrant. Such an appeal may be taken only if the district attorney certifies to the court of criminal appeals that the appeal is not brought for the purpose of delay and that the order, if not reversed on appeal, will be fatal to the prosecution of the charge.” (Emphasis added.)
There is no right to an appeal by the state and “[t]he State’s right of appeal is limited by statute (§§ 12-12-70(b), 12-22-90 and -91) and by the rules of criminal procedure (A.R.Cr.P.Temp., Rule 17).”[1] Tarver v. State, 500 So.2d 1232, 1256 (Ala.Crim.App.), aff'd, 500 So.2d 1256 (Ala.1986) (Bowen, P.J., concurring specially). Rule 17(a) states the requirements the state must meet to secure the right to appeal. See State v. Gaston, 512 So.2d 799 (Ala.Crim.App.1987). See also H. Maddox, Alabama Rules of Criminal Procedure § 15.7, p. 466 (1990). Here, the district attorney has failed to certify to this court that the appeal is not brought for the purpose of delay and that the trial court’s suppression order, if not reversed by this court, will be fatal to the further prosecution of the charged offenses.
We must also note that the state failed to follow the requirements set out in Rule 17(b), A.R.Crim.P.Temp. This rule provides:
“The notice of appeal shall specify the charge or charges as to which, and the defendant or defendants as to whom, the appeal is taken. In a case in which multiple offenses or multiple defendants have been joined for trial, such specification on appeal shall be jurisdictional.”
The state has failed to specify the charges as to which the appeal is taken. The notice of appeal states merely that “The State hereby serves this written Notice of Appeal of the rulings made in the above-styled and numbered cases on this 14th day of May, 1991.” See Form 73, A.R.Crim.P.
“The requirements of specificity for an appeal are jurisdictional.” H. Maddox, Alabama Rules of Criminal Procedure § 15.7, p. 466 (1990). Thus, this court is without jurisdiction to entertain this appeal, and the appeal must be dismissed.
APPEAL DISMISSED.
All the Judges concur.

. The state also has the right to appeal under Rule 15.7, A.R.Crim.P., which applies to proceedings commenced on or after January 1, 1991.