McMILLAN, Judge.
The State appeals the trial court’s dismissal of count II of the indictment, charging the appellee with “failure to affix a tax stamp,” in violation of § 40-17A-9, Code of Alabama 1975.
On January 14, 1992, the appellee pleaded guilty to count I of the indictment, charging him with “unlawful possession of cocaine,” in violation of § 13A-12-212, Code of Alabama 1975. Subsequent to entering his guilty plea, the appellee moved to dismiss count II, which charged him with the failure to affix a tax stamp to the “14.4 grams of cocaine” found in his possession. Although the appellee admitted, incident to the entry of his guilty plea on possession, that the cocaine “probably [weighed] about half an ounce,” he argued in his motion to dismiss count II, that § 40-17A-9 is directed toward “dealers,” and, therefore, that it is inapplicable to his possession conviction. The trial court deferred ruling on that motion and ordered the State to submit a brief within seven days on the question of whether “the court could interpret ‘dealer’ to mean ‘possession,’ ” and gave the appel-lee seven days to respond to the State’s brief. Approximately six weeks later, at the appellee’s sentencing hearing, the following colloquy occurred between the trial court and the State:
“[Prosecutor]: If I may, there is still an outstanding charge in the indictment. As you recall, because of the large quantity involved, we also charged him with failure to affix tax stamps.
“THE COURT: I thought you dismissed that.
“[Prosecutor]: No, there was a motion filed to dismiss and you had us submit cases on it.
“THE COURT: I think that should be dismissed.”
On June 9, 1992, approximately three months after the sentencing hearing, the State moved to set for trial the “tax stamp” charge. One June 12, 1992, the trial court entered an order dismissing that charge. The State then timely filed a pretrial notice of appeal, pursuant to Rule 15.7, A.R.Cr.P. See State v. Winston, 591 So.2d 147 (Ala.Cr.App.1991).
Section 40-17A-l(3), Code of Alabama 1975, defines “dealer” for the purposes of *1285 levying the “drugs and controlled substances excise tax”:
“A person who in violation of Alabama law manufactures produces, ships, sells, uses, distributes, transports, or imports into Alabama or in any manner acquires or possesses more than 42V2 grams of marijuana, or seven or more grams of any controlled substance, or ten or more dosage units of any controlled substance which is not sold by weight, or dosage units, shall include the weight or dosage units of the substance whether pure, impure, or diluted, in the dealer’s possession. A quantity of a controlled substance is diluted if it consists of a detectable quantity of a pure controlled substance and any excipients or fillers.”
Additionally, § 40-17A-9, Code of Alabama 1975, provides the following penalties for noncompliance with the excise tax act:
“(a) Any dealer violating this chapter is subject to a penalty of 100 percent of the tax in addition to the tax imposed by section 40-17A-8. In addition to the tax and penalty imposed, a dealer failing to affix the appropriate stamps, labels, or other indicia is guilty of a Class C felony, and, upon conviction, may be punished as provided in the Alabama Criminal Code. Such penalty shall be cumulative to any other penalty or crime.
“(b) Notwithstanding any other provision of the criminal laws of this state, an indictment may be found and filed upon any criminal offense specified in this section, in the proper court within six years after the commission of this offense.”
See generally, Briney v. State Dep’t of Revenue, 594 So.2d 120 (Ala.Civ.App.1991).
The Alabama Supreme Court, in Ex parte Holladay, 466 So.2d 956, 960 (Ala. 1985), stated:
“Where a statutory pronouncement is distinct and unequivocal, there remains no room for judicial construction and the clearly expressed intent of the legislature must be given effect. Dumas Brothers Manufacturing Co. v. Southern Guaranty Ins. Co., 431 So.2d 534 (Ala.1983).”
See also Ex parte Presse, 554 So.2d 406 (Ala.1989).
Because the appellee admitted that he was in possession of half of an ounce of cocaine (one ounce is equivalent to 28.35 grams), and because § 40-17A-l(3), Code of Alabama 1975, clearly provides that one who possesses more than seven grams of cocaine is considered to be a “dealer,” we conclude that the trial judge erred in granting the appellee’s motion to dismiss count II.
This cause is, therefore, remanded to the trial court with instruction to reverse its order of dismissal and to conduct a trial on count II of the indictment charging the appellee with “failure to affix a tax stamp,” pursuant to § 40-17A-9, Code of Alabama 1975.
REVERSED AND REMANDED.
All Judges concur.