TAYLOR, Judge.
The appellant, Michael Anthony Blair, appeals from the denial of his petition for post-conviction relief filed pursuant to Rule 32, AR.Crim.P. The appellant was convicted of first degree robbery in 1990. This court affirmed his conviction by unpublished memorandum in 1991. The appellant filed this petition for post-conviction relief in October 1992. The appellant alleged in his petition that his conviction was obtained by the use of *806 a coerced confession, that evidence presented at trial had been obtained pursuant to an unlawful arrest, that his conviction was obtained by violating' his privilege against self-incrimination, and that his trial counsel’s assistance was ineffective. The court granted a hearing on the petition and appointed counsel for the appellant. At the hearing, counsel requested that he be allowed to amend the petition. The court denied the request.
I
The appellant initially argues that the trial court erred in not allowing his Rule 32 petition to be amended at the evidentiary hearing. Rule 32.7(b), AR.Crim.P., states, in pertinent part: “Amendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment.” (Emphasis added.)
As the state correctly argues, the only case interpreting the above rule as it relates to the appointment of counsel for representation at an evidentiary hearing is Ex parte Stringfellow, 565 So.2d 147 (Ala.1990). The Alabama Supreme Court in Stringfellow stated that “appointed counsel should [be] allowed to amend the defendant’s petition pri- or to the hearing. It is important to emphasize that this opinion in no way diminishes the trial court’s discretion to deny frivolous amendments.” (Emphasis added.) The appellant in his reply brief argues that String-fellow is not applicable to his case because it concerned a hearing after remand from an appellate court. This fact, howevei’, does not affect the applicability of Stringfellow to this case.
The trial court held that the amendment was untimely. We agree with the court’s ruling and find no abuse of discretion. If the court had allowed the appellant to amend his petition at the hearing it would have foreclosed the state from defending against the new changes.
Moreover, the court allowed the appellant to present evidence on the issue that was the subject of the amendment. Also the court evaluated this evidence in its findings. No error occurred here.
II
The appellant next argues that the trial court erred in finding that his trial counsel’s performance was not ineffective. Specifically, the appellant contends that his counsel’s performance was ineffective because, he says, counsel failed to present expert evidence on the defendant’s mental capacity and his ability to understand the Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), rights that were read to him prior to his confession.
To prevail on a claim of ineffective assistance of counsel, a defendant must show: 1) that counsel’s conduct was deficient, and 2) that he was prejudiced as a result of the deficient conduct. Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
The appellant argues in his brief that his confession was not voluntary because his I.Q. is only 60. This court has stated that diminished mental capacity alone will not render a confession involuntary. Corbin v. State, 412 So.2d 299 (Ala.Cr.App.1982).
“Any mental impairment, short of mania or such impairment of the will and mind that an individual becomes unconscious of the meaning of his words, will not render a statement or confession inadmissible. The determination of whether a confession was voluntarily made is to be based on a consideration of the ‘totality of the circumstances.’ Blackburn v. Alabama, 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960).”
McCord v. State, 507 So.2d 1030, 1033 (Ala.Cr.App.1987).
The trial judge at the evidentiary hearing was the same judge who presided over the appellant’s trial and who ruled on the appellant’s motion to suppress his confession. The trial judge, who had an opportunity to view the appellant, stated that he would not have changed his ruling on the confession even if expert testimony had been admitted concerning the mental capacity of the appellant. The appellant has therefore failed to satisfy either prong of the Strickland test.
*807 For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.