ON REHEARING EX MERO MOTU

TAYLOR, Presiding Judge.
This court’s opinion of October 21, 1994, is hereby withdrawn and the following substituted therefor.
The appellant, Mark Shannon Wheeler, was convicted of murder, a violation of § 13A-6-2, Code of Alabama 1975. He was sentenced to life in the penitentiary.
The state’s evidence tended to show that on July 7, 1993, the decomposed body of 16-year-old L.B.[1] was discovered in the Talla-poosa River in Cleburne County. A rope had been tied around the neck and one ankle and the ends of ropes were tied to a tire rim. The coroner testified that the victim’s throat appeared to have been cut. The victim was identified based on X-rays of the body.
The appellant confessed to the crime and gave a lengthy detailed account of the circumstances surrounding L.B.’s death. The appellant stated, in part, the following:
“I pulled my blackjack out of my back pocket striking her several times. She went unconscious. She had went backwards onto the bed with her shoulders hanging off the bed. I took one step it seemed like to the adjoining room, the kitchen. I grabbed a steak knife and cut her jugular vein. She was still unconscious. I watched her bleed for what seemed like 10 or so seconds. I kind of shook her and got no response. I knew she was dead. I opened one of her eyelids and stuck her -with the knife a little to see for sure if she was dead. She didn’t move. I then proceeded to cut the right nipple off. I noticed her breast did not bleed. I then pulled her vagina lips out and cut them out. I then carved the word ‘hitchhiker’ into her upper leg, and kind of cleaned myself up and went by Tim Brim-er’s house. I didn’t stay long. I left and went by my father’s place of business. I picked up a car rim and went back home. I cleaned up most of the blood. Rigor mortis had already set in and there was a foul odor in the air. I got some rope from outside and went back in and split her leg open along her heel between the bone and the hamstring and stuck a piece of rope through it and tied it in a knot. I put a garbage bag over her head because [her] head and neck were the only place where there was blood on her. Then I kind of rolled her up in a sheet and drug her through the house and left her on the living room floor. I went outside and backed my truck up to the door and let down the tailgate and loaded her on it. I then threw a drop cloth over her. I found a half of a cinder block and put it in the truck with the rim. I drove to a bridge going to Ross Mountain. It had already turned dark. I stopped on the bridge, opened the tailgate up, and unloaded the body. I then tied one end of the rope around the neck. The rim or the block was tied there. And the other was tied to the ankle. I then sat down and used my feet to push the body off the bridge. I heard the splash. I got back into the truck and left.”
I
The appellant initially contends that the trial court erred in allowing his confession to be received into evidence because, he says, he did not knowingly waive his Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 *1034 L.Ed.2d 694 (1966) rights before he made his statement. Specifically, he contends that his mental condition at the time he made the statement rendered any waiver of his rights under Miranda involuntary.
Before an accused’s confession may be received into evidence against him, both voluntariness and a Miranda predicate must be shown. Morrison v. State, 601 So.2d 165 (Ala.Cr.App.1992); Whitlow v. State, 509 So.2d 252 (Ala.Cr.App.1987); Malone v. State, 452 So.2d 1386 (Ala.Cr.App.1984). The appellant’s sole contention concerning the court’s receipt of his confession into evidence is that because of his mental condition, he says he was incapable of voluntarily waiving his Miranda rights.
The standard for reviewing a trial judge’s ruling on the voluntariness of a confession is stated in Morrison:
“The trial judge need only be convinced of the voluntariness of the statement by a preponderance of the evidence, see Colorado v. Connelly, 479 U.S. 157, 168, 107 S.Ct. 515, 522, 93 L.Ed.2d 473 (1986), and his finding of voluntariness will be reversed on appeal only if ‘manifestly contrary to the weight of the evidence.’ Malone v. State, 452 So.2d 1386, 1389 (Ala.Cr.App.1984).”
601 So.2d at 174.
An accused’s alleged mental condition alone will not prevent a statement from correctly being received into evidence at trial. As this court has stated:
“The Alabama courts have recognized that subnormal tendencies of the accused are but one factor to review in the totality of the circumstances surrounding the confession. See McCord v. State, 507 So.2d 1030 (Ala.Cr.App.1987); Sasser v. State, 497 So.2d 1131 (Ala.Cr.App.1986); Corbin v. State, 412 So.2d 299 (Ala.Cr.App.1982). For a more in-depth discussion of this point, see, 23 A.L.R.4th 493; 8 A.L.R.4th 16.
“Judge Bowen, speaking for this court in Corbin, supra, 412 So.2d at 301, stated:
“ ‘Mental “subnormality” does not in and of itself render a confession involuntary. Parker v. State, 351 So.2d 927 (Ala.Cr. App.), cert. quashed, 351 So.2d 938 (Ala. 1977); Arnold v. State, 348 So.2d 1092 (Ala.Cr.App.), cert. denied, 348 So.2d 1097 (Ala.1977). The mere fact that the defendant was simpleminded or “functionally illiterate” will not vitiate the vol-untariness of his confession.’ ”
Harkey v. State, 549 So.2d 631, 633 (Ala.Cr. App.1989). See also Blair v. State, 629 So.2d 805 (Ala.Cr.App.1993); Baker v. State, 599 So.2d 60 (Ala.Cr.App.1991); State v. Austin, 596 So.2d 598 (Ala.Cr.App.1991); Baker v. State, 557 So.2d 851 (Ala.Cr.App.1990); Holladay v. State, 549 So.2d 122 (Ala.Cr.App. 1988), aff'd, 549 So.2d 135 (Ala.), cert. denied, 493 U.S. 1012, 110 S.Ct. 575, 107 L.Ed.2d 569 (1989).
The appellant contends in his brief that “at times of very high stress, he is unable to clearly think and respond to questions asked of him.” However, there was no evidence that at the time that the appellant confessed he was so mentally impaired that he did not know what he was doing. Deputy Sheriff Joe Jacks testified that the appellant was read his Miranda rights and that he voluntarily signed a statement that he understood the rights and that he was waiving them. Jacks stated that no one made any promises or offered any inducements to the appellant in order to obtain the appellant’s statement. The appellant then proceeded to give a detailed statement concerning his version of the facts surrounding the victim’s death. The officer said that in an effort to ensure that the statement was correct, he asked the appellant to handwrite his statement. The appellant then handwrote the statement.
The appellant testified at the hearing on his motion to suppress that he could not testify without taking his medicine because he felt very anxious. At this point the court recessed so that the appellant could be evaluated by a psychiatrist. The appellant was evaluated by Dr. Christopher Scott Randolph, a psychiatrist in Anniston. Dr. Randolph testified that the appellant’s medicine was a mild drug prescribed for anxiety disorders. He further stated that whether the appellant had taken this drug would not have any bearing on his ability to understand what was going on around him. The court, after *1035 hearing this testimony and noting the appellant’s demeanor during his testimony, denied the motion to suppress.
“Any mental impairment, short of mania or such impairment of the will and mind that an individual becomes unconscious of the meaning of his words, will not render a statement or confession inadmissible. The determination of whether a confession was voluntarily made is to be based upon a consideration of the ‘totality of the circumstances.’ Blackburn, v. Alabama, 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960). ‘Mental abnormality of an accused is only one factor to be considered in determining from the totality of the circumstances the voluntariness and admissibility of a confession. Corbin v. State, 412 So.2d 299 (Ala. Cr.App.1982); Shorts v. State, 412 So.2d 830 (Ala.Cr.App.1981).’ Baker v. State, 472 So.2d 700, 703 (Ala.Cr.App.1985).”
McCord v. State, 507 So.2d 1030, 1033 (Ala. Cr.App.1987).
The court’s ruling that the appellant’s statement was voluntary is supported by the evidence; it was not “contrary to the weight of the evidence.”
II
The appellant further contends that the jury’s verdict was contrary to the great weight of the evidence presented at trial. Specifically, he contends that the great weight of the evidence showed that he was suffering from a mental defect at the time that he committed the murder.
Dr. Vonceil Smith, a psychiatrist at the Taylor Hardin Secure Medical Facility, performed a mental evaluation on the appellant. She stated that at the time of the evaluation the appellant was depressed and in need of psychiatric care. In her opinion the appellant met the criteria for a person with “major depression with psychotic features.” She said that he felt he also had some “depersonalization” at the time of the murder. However, she further testified that she felt that he never lost the ability to plan and act during the crime.
In rebuttal, the state offered the testimony of Jim Edwards, a licensed professional counselor with the Calhoun-Cleburne Mental Health Board. Mr. Edwards testified that when he saw the appellant in jail he exhibited no signs of mental illness.
A friend of the appellant’s, Edward Or-man, also testified in rebuttal. Mr. Orman stated that he talked with the appellant numerous times around the time of the murder and that he never saw the appellant exhibit any unusual behavior. He further stated that from his observations he did not think anything was wrong with the appellant.
This was a case in which the sanity of the appellant was an issue of fact to be resolved by the finders of fact — the jury.
“Since there was conflicting evidence as to the appellant’s insanity, the question was properly submitted to the jury. Cunningham [v. State, 426 So.2d 484 (Ala.Cr. App.1982)], and authorities cited therein. After a thorough review of the evidence, we find there was evidence which would have supported the jury’s finding that the appellant was, in fact, sane. Therefore, we hold the issue of the appellant’s sanity was a question for the jury, which they properly resolved against the appellant.”
Mastin v. State, 455 So.2d 244, 247 (Ala.Cr. App.1984). “The trial court properly concluded that the issue of appellant’s sanity at the time of the shooting was a disputed question of fact best left to the jury to resolve, see Posey v. State, 366 So.2d 369 (Ala. Crim.App.1979)....” Hopkins v. State, 429 So.2d 1146, 1156 (Ala.Cr.App.1983). See also Watts v. State, 282 Ala. 245, 210 So.2d 805 (1968). There was sufficient evidence to support the jury’s verdict.
For the foregoing reasons, the judgment in this ease is due to be, and it is hereby, affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
All the Judges concur.

. The anonymity of the victim is being protected as is provided by Rule 52, A.R.App.P.