814 So.2d 980 (2000)
STATE
v.
Shirley Teresa HAILS.
CR-99-1011.
Court of Criminal Appeals of Alabama.
August 25, 2000.
Opinion Following Denial of Motion to Dismiss December 1, 2000.
Rehearing Denied January 12, 2001.
*982 Bill Pryor, atty. gen., and Stephanie N. Morman, asst. atty. gen., for appellant.
Daniel Gary Hamm, Montgomery, for appellee.

On Application For Rehearing
PER CURIAM.
The opinion of June 16, 2000, is withdrawn, and the following is substituted therefor.
The State of Alabama filed this pretrial appeal after the circuit court granted Shirley Hails's motion to suppress certain evidence. See Rule 15.7, Ala.R.Crim.P.[1] Hails then filed a motion to dismiss the appeal, arguing that the State had not complied with Rule 15.7(a), Ala.R.Crim.P., because she said, it had failed to certify that the appeal had not been brought for the purpose of delay and that the suppression order, if not reversed on appeal, would be fatal to the prosecution's case. Hails further argued that the notice of appeal failed to specify the charge or charges as to which the appeal was taken, as required by Rule 15.7(b), Ala.R.Crim.P. We stayed the briefing time and asked the State to respond to Hails's motion to dismiss this appeal. The State then filed a certificate that complies with Rule 15.7(a).
Rule 15.7, Ala.R.Crim.P., states:
"(a) Generally. In any case involving a felony, a misdemeanor, or a violation, an appeal may be taken by the state to the Court of Criminal Appeals from a pretrial order of the circuit court (1) suppressing a confession or admission or other evidence, (2) dismissing an indictment, information, or complaint (or any part of an indictment, information, or complaint), or (3) quashing an arrest or search warrant. Such an appeal may be taken only if the prosecutor certifies to the Court of Criminal Appeals that the appeal is not brought for the purpose *983 of delay and that the order, if not reversed on appeal, will be fatal to the prosecution of the charge....
"(b) Notice of Appeal; Time for Taking Pre-trial Appeal. The notice of appeal shall be filed both with the clerk of the circuit court and with the clerk of the Court of Criminal Appeals within seven (7) days after the order has been entered, but in any case before the defendant has been placed in jeopardy under established rules of law. The notice of appeal shall specify the charge or charges as to which, and the defendant or defendants as to whom, the appeal is taken. In a case in which multiple offenses or multiple defendants have been joined for trial, such specification on appeal shall be jurisdictional."
(Emphasis added.)
The notice of appeal filed by the State on February 23, 2000, read as follows:
"Comes now the State of Alabama, by and through its District Attorney for the Fifteenth Judicial Circuit, Eleanor I. Brooks, and hereby gives this Court notice of its intent to appeal the trial court's ruling on February 22, 2000, granting the defendant's motion to suppress evidence (i.e., the credit card found on the defendant's person during a pat-down search)."
(C.R.9.)
It is undisputed that the State's notice of appeal did not comply with Rule 15.7(a), Ala.R.Crim.P. The question becomes, does the failure to comply with Rule 15.7(a) divest this Court of jurisdiction in this case? In State v. Winston, 591 So.2d 147 (Ala.Cr.App.1991), this Court dismissed an appeal after determining that the notice of appeal did not contain a certificate statement by the district attorney. This Court stated that the failure to comply with Rule 15.7(a) (then Rule 17(a), Ala.R.Crim.P.Temp.) was a jurisdictional defect that divested this Court of jurisdiction to hear the appeal. After reviewing the wording of Rule 15.7 and caselaw from other jurisdictions, we believe that Winston was wrongfully decided and is due to be overruled.
The wording of Rule 15.7 lends support to the State's argument that the certification provision in Rule 15.7(a) is not part of the notice of appeal and that failure to comply with that provision does not deprive this Court of jurisdiction to entertain an appeal. Rule 15.7(b) states that the notice of appeal in a pretrial appeal by the State must be filed within seven days of the ruling appealed from. Rule 15.7(a) addresses the certification requirement and states that a pretrial appeal "may be taken only if the prosecutor certifies to the Court of Criminal Appeals that the appeal is not brought for the purpose of delay and that the order, if not reversed on appeal, will be fatal to the prosecution of the charge." This provision does not state that the certificate must be filed within the seven-day period that the notice of appeal must be filed in. Thus, we believe that an appellate court, in its discretion, may extend the time for filing the certificate, so long as the notice of appeal is filed within seven days from the ruling on the pretrial motion. Many other jurisdictions follow this interpretation and it is consistent with the purpose of the Alabama Rules of Criminal Procedure stated in Rule 1.2.
"These rules are intended to provide for the just and speedy determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare."
*984 The United States Court of Appeals for the Eleventh Circuit, interpreting an identical provision to the certificate requirement in Rule 15.7(a) in a federal statute, stated the following:
"18 U.S.C. § 3731 governs appeals by the government in criminal cases. Among other things, it permits the government to appeal a district court decision or order suppressing evidence `if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.' 18 U.S.C. § 3731. While the statutory language appears mandatory, compliance with the certification requirement is not considered a jurisdictional issue. See United States v. Eccles, 850 F.2d 1357, 1358 (9th Cir.1988); United States v. Crumpler, 507 F.2d 624, 624 (5th Cir.1975); United States v. Welsch, 446 F.2d 220, 224 (10th Cir.1971).
"It is clear that noncompliance with Section 3731's certification requirement does not rob this court of jurisdiction; rather, a failure to certify is treated as a filing irregularity.... [W]e believe that the certification requirement `is not a mere formality.' United States v. Herman, 544 F.2d 791, 794 (5th Cir.1977); see also [United States v.] Carrillo-Bernal, 58 F.3d [1490] at 1493 [(10th Cir. 1995)].
"The certification requirement imposed by Section 3731 serves the very important purpose of ensuring that the prosecutor carefully analyzes the case before deciding to appeal. See [United States v.] Hanks, 24 F.3d [1235] at 1239 [(10th Cir.1994)]; Herman, 544 F.2d at 794, n. 4. Certification to the district court forces the prosecutor to represent that she has, in fact, thoroughly and conscientiously considered the decision to appeal. By forcing the prosecutor to take these pre-appeal steps, Section 3731's certification requirement furthers the vital underlying goal of preventing needless delay and prolonged worry in criminal proceedings. See Carrillo-Bernal, 58 F.3d at 1492-97; [United States v.] Miller, 952 F.2d [866] at 875 [(5th Cir.1992)]."
United States v. Salisbury, 158 F.3d 1204, 1206-07 (11th Cir.1998). Although the Salisbury court ultimately dismissed the appeal, the court recognized that the failure to comply with the certification requirement was not a jurisdictional issue. See also State v. Brown, 929 S.W.2d 588 (Tex.App.Corpus Christi 1996) (failure to file certificate is not jurisdictional error); United States v. Becker, 929 F.2d 442 (9th Cir.), cert. denied, 502 U.S. 862, 112 S.Ct. 183, 116 L.Ed.2d 145 (1991) ("[p]ermitting the late filing of such a certificate falls within the discretion of the court"); United States v. Herman, 544 F.2d 791 (5th Cir.1977) (failure to file certificate can lead to dismissal of appeal; however, court declined to dismiss appeal); United States v. Kleve, 465 F.2d 187, 190 (8th Cir.1972) ("If ... Congress intended the certification within the period for appeal to be jurisdictional, we believe that it would have said so.").
We agree with the Eleventh Circuit Court of Appeals that the certification provision serves an important purpose; however, the State's failure to comply with this provision within the seven-day time period within which the notice of appeal must be filed does not deprive this Court of jurisdiction to consider an appeal. However, we caution the State that "the certificate process cannot serve its function unless the responsible prosecuting official makes a thorough and conscientious analysis of the case before deciding to appeal." Herman, 544 F.2d at 794 n. 4. For this reason, this Court is of the opinion that the best *985 practice is for the certificate to accompany the notice of appeal. This clearly was not done in this case. The notice of appeal and the original certificate were filed the day after the trial court granted the motion to suppress. The certificate as amended to comply with Rule 15.7(a) was filed significantly later.
We caution the State that Rule 15.7(b) specifically provides that the State's failure to specify the charge or the defendant where there are multiple charges and defendants is a jurisdictional defect that will mandate dismissal.
The State shall brief the merits of the motion to suppress; its brief shall be due 28 days from the date of this opinion.
APPLICATION FOR REHEARING GRANTED; OPINION OF JUNE 16, 2000, WITHDRAWN; OPINION SUBSTITUTED; RULE 39(k) MOTION DENIED; MOTION TO DISMISS APPEAL DENIED.
LONG, P.J., and McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.

[Opinion Following Denial of Motion to Dismiss]
FRY, Judge.
Shirley Hails, was arrested for illegal possession of a credit card, a violation of § 13A-9-14, Ala.Code 1975. The trial court granted Hails's motion to suppress certain evidence, i.e., the credit card found in Hails's coat when a law-enforcement officer conducted a Terry[1] patdown search. The state appeals the trial court's grant of Hails's motion to suppress. See Rule 15.7(a), Ala.R.Crim.P.
On October 22, 1999, Officer Michael Doty of the Montgomery County Sheriffs Department received a radio call that a possible robbery suspect was in a Chevron gasoline station in Hope Hull, Alabama. The caller, an employee of the gas station, had informed dispatch that she had been robbed a few weeks earlier at this location and that she recognized a man in the store as the man who had robbed her. (R. 20.) When Doty arrived, two other officers had already restrained the robbery suspect. Three other people were in the suspect's vehicle. (R. 5.) Believing that the three people could have been involved in the robbery with the suspect, the officers asked the passengers to get out of the vehicle; they conducted a Terry patdown search of each passenger, for safety reasons. Doty conducted a Terry patdown search of Hails for weapons. In conducting the search, he felt something "small and hard" and maybe two to three inches in width inside the right front pocket of her jacket, which he described as a "heavy nylon pile" or "winter coat." (R. 7, 13, 14.) Thinking the object might be a weapon such as a razor, box cutter, or letter opener, he removed the object, which turned out to be a Sears department store credit card issued to "John Hicks." (R. 7-9.) Doty conceded on cross-examination that the credit card did not look like a box cutter but maintained that when he conducted the patdown search, the card, which was inside the jacket pocket, felt to him like a weapon. (R. 7, 15.) Doty further testified that a box cutter can come in the shape of a credit card. (R. 19.)
The state contends that the trial court erred when it granted Hails's motion to suppress the credit card found pursuant to a Terry patdown search. Specifically, the state argues that the trial court substituted its subjective judgment for the objective judgment required by Terry.
Officer Doty was the only witness to testify at the suppression hearing. *986 "Where the evidence before the trial court was undisputed the ore tenus rule is inapplicable, and the [appellate court] will sit in judgment of the evidence de novo, indulging no presumption in favor of the trial court's application of the law to those facts." State v. Hill, 690 So.2d 1201, 1203 (Ala.1996) (quoting Stiles v. Brown, 380 So.2d 792, 794 (Ala.1980)).
"Police may conduct a patdown search without a warrant if, under the totality of the circumstances, the officer has an articulable, reasonable suspicion that a person is involved in criminal activity and that he is armed. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The reasonableness of the search is measured objectively. If a reasonably prudent person would believe that his safety, or the safety of others, is endangered, he may conduct a limited search of outer clothing to discover any weapons. Id. at 27, 88 S.Ct. 1868."
United States v. Raymond, 152 F.3d 309, 312 (4th Cir.1998). "And in determining whether the officer acted reasonably in such circumstances, due weight must be given ... to the specific reasonable inference which he is entitled to draw from the facts in light of his experience." Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968).
"[A]n officer making a traffic stop may order passengers to get out of the car pending completion of the stop." Maryland v. Wilson, 519 U.S. 408, 415, 117 S.Ct. 882, 886, 137 L.Ed.2d 41 (1997).
"Outside the car, the passengers will be denied access to any possible weapon that might be concealed in the interior of the passenger compartment. It would seem that the possibility of a violent encounter stems not from the ordinary reaction of a motorist stopped for a speeding violation, but from the fact that evidence of a more serious crime might be uncovered during the stop. And the motivation of a passenger to employ violence to prevent apprehension of such a crime is every bit as great as that of the driver."
Id. 519 U.S. at 414, 117 S.Ct. at 886.
Although this situation does not involve a traffic stop, the reasoning of Maryland v. Wilson applies to the facts of this case. The record shows that Doty received a call that a possible robbery suspect, in the company of three other individuals, was seen at the Chevron gasoline station in Hope Hull. Doty testified that when he arrived at the scene, three individuals had not yet been detained in a police vehicle, but were still in a private vehicle. (R. 11.) Each individual in the private vehicle was asked to exit and were patted down "for officer safety ... for weapons" to prevent access by the individuals to "weapons in the vehicle ... or weapons on their person." (R. 6, 21.) Upon confronting passengers in a private vehicle also carrying a robbery suspect who was detained by police, an officer might reasonably conclude "that evidence of a more serious crime might be uncovered during the stop." The law-enforcement officers had the right to order the passengers from the vehicle for the officers' safety and to conduct Terry patdown searches.
Now, we must next determine if it was reasonable for Doty to reach into Hails's pocket and seize the credit card. Once an officer orders a passenger out of a vehicle, the officer is allowed to conduct a patdown search of the outer clothing of the person if the officer "is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others." Terry v. Ohio, 392 U.S. at 24, 88 S.Ct. 1868. "The purpose of a frisk is to allow an officer `to assure *987 himself that the person with whom he is dealing is not armed with a weapon that could unexpectedly and fatally be used against him.' Terry, 392 U.S. at 23, 88 S.Ct. 1868, 20 L.Ed.2d 889." United States v. Swann, 149 F.3d 271, 275 (4th Cir.1998). "The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man would be warranted in the belief that his safety or that of others was in danger." Terry v. Ohio, 392 U.S. at 27, 88 S.Ct. at 1883. "[I]t is imperative that the facts be judged against an objective standard." Id. at 21-22, 88 S.Ct. at 1879-80.
"`[A] search "is limited in scope to a `pat-down' of the suspects' outer clothing and to seizure of hard objects whose size and shape give the officer probable cause to believe they are weapons."'" Martin v. State, 695 So.2d 141, 143 (Ala. Crim.App.1996) (quoting Smith v. State, 292 Ala. 120, 289 So.2d 816, 818 (Ala. 1974)). "Having detected the presence of an unknown, potentially dangerous object on a suspect during a frisk, the test for whether an officer may search farther and seize the item is an objective one." United States v. Swann, 149 F.3d at 275. It is objectively reasonable for an officer to seize what he or she reasonably believes to be a weapon when the object is approximately the same size and shape as a box cutter, which is often used as a weapon. Id. at 276. Applying the law to the facts of this case, it was reasonable for Doty to seize the credit card. During Doty's patdown search of Hails, he felt something "small and hard" that he believed could have been a razor blade, letter opener, or box cutter in her front jacket pocket. (R. 7.) Doty also testified that he knew that "a box cutter can come in the shape of a credit card." (R. 19.) This knowledge led Doty to reasonably believe that the small, hard, thin object in Hails's jacket pocket could have been a weapon. (R. 19.) In order to assure himself that what he felt in Hails pocket was not a weapon that could be used against him, and to ensure his and the other officer's safety, Doty seized the object. His seizure of the object was within the scope of the search. Doty did not reach into Hails's pocket until he felt what he thought was a weapon. See Terry v. Ohio, 392 U.S. at 29-30, 88 S.Ct. 1868.
We recognize that it is reasonable for a credit card or identification card to be in a person's front jacket pocket. However, it is also reasonable that a weapon, i.e., a box cutter or letter opener, can be concealed in a person's front jacket pocket. Doty testified that when he was conducting the patdown search, the object, which was a credit card, felt like a weapon. Such a belief by Doty, in light of the circumstances, was reasonable, and any reasonably prudent person would "assure himself that [Hails was] not armed with a weapon that could unexpectedly and fatally be used against him."
Based on the facts that Doty was encountering three individuals accompanying a robbery suspect in the suspect's private vehicle, he conducted a Terry patdown search. Feeling, based on his knowledge, what he reasonably believed to be a dangerous weapon, Doty seized the object which was a credit card. Considering the facts objectively, Doty was justified in seizing the credit card.
The trial court erred in granting the motion to suppress. The trial court's order is reversed and this cause is remanded.
REVERSED AND REMANDED.
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.
NOTES
[1] Rule 15.7(c), Ala.R.Crim.P., provides that pretrial appeals by the State shall take precedence over the other business of the reviewing court.
[1] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).